JOHN HUSSEY, *Adm'r & al. versus* ELIZABETH DOLE *& al. Ex'rs & al.*

It is a general rule, that all interested in the subject of a bill in equity should be made parties thereto, as plaintiffs or defendants, that a complete decree may be made between them.

The want of proper parties to a bill in equity may be taken advantage of at the hearing.

But when the objection for defect of parties is not taken until the hearing, it is competent for the Court, on such terms as they may deem proper, to order the case to stand, with leave to the plaintiff, if he shall move therefor, to amend by adding new parties.

Where a conveyance is made of certain lands in trust that the grantee will appropriate the proceeds of the sale thereof in a certain manner; and afterwards, another grantor, by deed of warranty, conveys the same and other lands to the same grantee, who at the same time gives back to the last grantor a bond, conditioned to account to him for the proceeds of all the sales in a manner different from that indicated in the first conveyance; the grantee will not be relieved from the duty undertaken by him in the bond, by reason of any claims on the part of those interested in the trust, upon which the first conveyance was made.

THIS was a bill in equity brought by John Hussey, administrator of the goods and estate which were of William Waters, deceased, and by Edwin Waters, Orrin Waters and Mary Jane Waters, as heirs at law of the intestate, against John Dole, deceased; and was heard on bill, answer and proof.   During the pendency of the suit, John Dole died, and his executors and heirs at law took upon themselves the defence.   It appeared in proof, that there were six heirs at law of William

Waters, and no reason was alleged or shown, why the other three should not have been made parties, if any of them were.

The case was argued in writing by

*Ruggles*, for the plaintiffs, and by

*M. H. Smith*, for the defendants.

But one of these arguments, which was very full, and mainly on the merits, has come into the hands of the reporter.

The facts bearing on the questions decided, are all stated in the opinion of the Court, as drawn up by

TENNEY J. — This bill was originally brought by the present complainants against John Dole, charging, that certain real estate was conveyed to him, Lucius Barnard and Joseph Glidden, in trust, by William Waters; that portions of the estate so conveyed have been sold, payment received, or security taken for the purchase money, and that other portions remain unsold; that Lucius Barnard has died insolvent, and that Joseph Glidden had conveyed to said Dole, before the decease of the latter, all his right and interest in the estate; that Dole has been called upon to account for the estate conveyed, and has refused so to do; and the complainants seek a discovery, and pray relief in the premises, by payment, assignment and conveyance.

Dole appeared and filed his answer, admitting that the real estate was conveyed to him and the other grantees named in the deed, in trust; that they have sold and conveyed portions thereof; have received a part of the purchase money; have certain notes for a part, secured by mortgage; that Joseph Glidden has released his interest in the premises, and that Lucius Barnard died insolvent; that he has accounted for the money received in the manner contemplated in the contract of trust. But he insisted in his answer, that a part of the estate was held in trust for persons other than the said Waters and his representatives.

Pending the suit, the original defendant died. His executors, and legatees, devisees and heirs appeared upon a bill of

revivor and filed their answers, relying substantially upon the grounds taken in the answer of the original defendant.

On May 4, 1825, William Waters conveyed to John Stuart the land described in the complainant's bill, and the same was conveyed by John Stuart to Ann Stuart by deed dated Sept. 2, 1826. On June 26, 1835, Ann Stuart gave to Dole, Barnard and Glidden, a deed of the parcel first described in the complainants' bill, in trust, for the use of Abigail Carleton, and the heirs of Polly Glidden, deceased, and the heirs of Jane Clark, deceased, the said Abigail, Polly and Jane, being the children and heirs of Samuel Waters, the father of said William Waters, and on July 10, 1835, conveyed the residue of the land described in the bill to William Waters. On July 5, 1835, Dole, Barnard and Glidden were put in possession of the parcel conveyed to them by Ann Stuart on a writ of possession, issued on a judgment obtained against William Waters in their favor; and on the same day he surrendered to them in writing the land, of which they took possession, and received from them a lease of the same for one year. On July 6, 1836, William Waters conveyed to them by deed with covenants of warranty, the whole of the land described in the bill, and Dole and Barnard at the same time executed and delivered to him a bond, agreeing therein, that whenever the whole or any part of the land described in his deed to them should be sold, they would faithfully and honestly account with him for the net proceeds of all sales by them made, by applying the same to the payment of certain notes and claims, which Moses Carleton and wife, and the heirs of Polly Glidden, and the heirs of Jane Clark, had against said Waters, and so far as any net proceeds should be received, the same were to go to extinguish the claim, which they had by virtue of the writ of possession against said Waters; that they would not at any time within one year, sell any of the real estate so conveyed to them, without consulting with said Waters; and that if any sums should come into their hands from sales of the land, or in any other manner, more than sufficient to pay the just balance due from said Waters and the abovenamed claims,

that they would refund to said Waters or his heirs or assigns, all such overplus so received. Dole, Barnard and Glidden conveyed to E. G. & D. G. Baker a portion of the land described in the bill by two deeds. On Feb. 14, 1839, Glidden released all his right and interest in the land, excepting so far as it had been previously conveyed to Dole; and Barnard died insolvent long before the complainants' bill was filed. William Waters died, leaving Hannah Tomlinson, Statira Fitzpatrick, Mary Jane Waters, Edwin Waters, Daniel Waters and Orrin Waters, his children and heirs. John Hussey was duly appointed administrator of the goods and estate of William Waters.

The contract in writing entered into between Dole and Barnard on the one part, and Waters on the other, which is a specialty, was given at the time a conveyance with covenants of warranty was made to them of the whole of the land described in the bill; they bound themselves to account for the whole of the net avails of the sale of the real estate therein described or referred to. By the terms of the instrument, they were bound to appropriate sufficient of the proceeds to the payment of certain notes held by Moses Carlton and his wife, and the heirs of Polly Glidden, and the heirs of Jane Clark, against William Waters, but after the payment of these notes, they were not entitled to hold the premises in trust for Moses Carleton and wife, and the heirs of Polly Glidden and Jane Clark. That contract, which made a part of the conveyance, has not been rescinded, forfeited, cancelled or discharged, and no facts are presented showing that it is not a valid and binding contract; the obligors make no exception of the land conveyed previously to them by Ann Stuart for the benefit of the *cestuis que trust*, therein named; but took a warranty deed from Waters of the whole land, to which also their obligation fully applies. The representatives of William Waters are entitled to the benefit of the contract which Dole and Barnard entered into with him; and it is not a sufficient answer for either of the obligors to make, that they are relieved from the duties assumed therein by any claims of the *cestuis que trust*,

named in Ann Stuart's deed to them, additional to those mentioned in the bond.

It is however a general rule, that all interested in the subject of a suit in equity, should be made parties thereto either as plaintiffs or defendants, that a complete decree may be made between them, it being the constant aim of a Court of equity to do complete justice, by embracing the whole subject, so that the performance of the order of Court may be perfectly safe for those who are compelled to obey it, and prevent further litigation. Cooper's Eq. Pl. c. 1, p. 33. This objection may be taken at the hearing. Story's Equity Pleading, p. 76; *Felch* v. *Hooper*, 20 Maine R. 159.

Three of the children of William Waters are omitted as parties to the bill. They have an interest similar to other heirs of William Waters, and are entitled to be heard with those who are complainants. There is nothing in the bill, answer or proof, showing that they have in any way released their rights as heirs of William Waters, and a decree in favor of the complainants could not do perfect justice.

The objection for defect of parties was not taken till the hearing, and on the authority of the case of *Felch* v. *Hooper*, it is competent for the Court, on such terms as they deem proper, to order the case to stand, with leave to the plaintiffs to amend by adding new parties. If such order is not moved for, the

*Bill is dismissed.*