(*) BAILEY, *in equity, versus* LOT MYRICK & N. W. SHELDON.

It is the aim of courts of equity, in deciding controversies, to make, at one and the same time, a final adjustment of the rights of all persons interested in the subject matter.

Several conveyances by a mortgager of distinct parts of the land, give to each of the grantees, and to persons claiming under them respectively, the right of redeeming, though not without paying the whole amount due on the mortgage.

In a bill in equity to redeem by one of such grantees or any person claiming under him, it is requisite that all other persons holding under any of such conveyances, should be made parties to the bill.

If the answer of the mortgagee shows information to have been received by him from the mortgager, that the right of redemption has been assigned to a third person, such third person must be made a party to the bill.

In a bill in equity to redeem by an assignee of the mortgager, it is not necessary to make the mortgager a party, if he have transferred all his interest in the subject matter.

Of the amendments, which may be allowed to such a bill.

ON EXCEPTIONS from *Nisi Prius*, HOWARD, J., presiding.

BILL IN EQUITY to redeem a tract of land containing about one hundred acres. It appears by the bill, answers and proofs, that in 1837, Nathan W. Sheldon conveyed the tract to Lot Myrick and others in mortgage, to secure the payment of notes amounting to $1000.

In 1842, Nathan W. Sheldon, by deeds of warranty, conveyed to Lemuel S. Hubbard two acres and to Joseph Stetson one acre and three quarters of the same land. Hubbard conveyed the two acres to Enoch Trask, who conveyed the same to Nathaniel Bryant, by whom it was conveyed to the plaintiff. The plaintiff is thus the owner of the two acres, subject to the mortgage, given to Lot Myrick and others.

Of the one and three fourths acres conveyed to Stetson a part was conveyed to him by Daniel Fly.

In 1843, Nathan W. Sheldon by warranty deed conveyed the whole mortgaged tract to Bartlett Sheldon, excepting the two acres deeded to Hubbard and also excepting the meeting-house lot and the grave yard; and at the same time took

back from Bartlett Sheldon a mortgage of a part of the tract to secure $696,28.

In 1846, Bartlett Sheldon conveyed with covenants of warranty to Lot Myrick and others the whole tract embraced by the first mortgage, and at the same time received from them a bond to reconvey to him, by quitclaim deed, upon payment of the amount due to them on the first mortgage.

Lot Myrick, in his answers, says he has been informed by Bartlett Sheldon, that on Jan'y 6, 1847, he, for a valuable consideration, assigned to William Hall and William Sheldon, the bond which had been given by Lot Myrick and others for the reconveyance; and that, soon afterwards, that bond became the property of William Sheldon. Hall deposes that he has no interest in it. The good faith of that assignment from Bartlett Sheldon is controverted.

In Dec. 1847, the right which Bartlett Sheldon, [as assignee of Nathan W. Sheldon the mortgager,] had of redeeming the mortgage given by Nathan W. Sheldon to Myrick and others, was sold on execution to the plaintiff.

Nathan W. Sheldon in 1850, mortgaged to James G. Houston a part of the one hundred acre tract to secure payment of four hundred dollars.

The Judge decreed, that the plaintiff was entitled to redeem. To that decree the defendants excepted.

*Ruggles*, for the plaintiff.

*Paine*, for the defendants.

WELLS, J. — One ground, upon which the plaintiff claims the right to redeem the mortgaged premises, is, that he owns the interest of the mortgager in two acres, which are a part of the premises. And such appears to be the fact. By statute, c. 125, § 6, the mortgager, or person claiming under him, may redeem the mortgaged premises," &c. Where the mortgager has conveyed to two or more persons, they all claim under him, and if one alone could not redeem, the others declining to do so, he would lose his estate. And one, who is willing that the estate should be foreclosed, ought not

to be compelled to redeem. Hence one owning a part of the right of redemption, may redeem the whole estate, but the mortgagee is entitled from him to all the money due on the mortgage. *Gibson* v. *Crehore*, 5 Pick. 146.

If there were no other question in the case excepting what relates to the two acres before mentioned, and there were no other persons interested in the premises than the present parties to the bill, the plaintiff would be entitled to a decree in his favor at the present time.

It is the constant aim of courts of equity to do complete justice, by deciding upon and settling the rights of all persons interested in the subject matter of the suit, so that the performance of the decree of the Court may be perfectly safe to those, who are compelled to obey it, and also that future litigation may be prevented. All persons materially interested in the suit are to be made parties to it. Story's Eq. Pl. § 72.

It is stated in the bill, and admitted in the answer of Nathan W. Sheldon, that he conveyed to Joseph Stetson, on the 12th day of April, 1842, a part of the mortgaged premises. And it also appears, that Daniel Fly has title to a portion of that conveyed to Stetson. Stetson and Fly, claiming under the mortgager, have an interest in the redemption of the premises, and upon contributing their proportion of the money due on the mortgage, will have a right to what was conveyed to them. They are directly interested in the subject matter of the bill, and should be made parties to it.

Nathan W. Sheldon, on the 20th day of October, 1843, conveyed to Bartlett Sheldon the whole of the mortgaged premises, excepting certain parcels mentioned in his deed, and took back a mortgage of a part of the premises. Bartlett Sheldon on the 6th of January, 1846, conveyed the premises to Lot and Josiah Myrick, who gave to him a bond conditioned to reconvey the premises, upon the payment of the money due on the notes, originally given by Nathan W. Sheldon to them as administrators of Josiah Myrick, at different periods within four years from the date of the bond.

Lot Myrick says in his answer, that he has been informed

by Bartlett Sheldon, that on the 6th of January, 1847, the bond was assigned by him for a valuable consideration to William Hall and William Sheldon, and that soon after the bond became the property of William Sheldon alone.    It appears by William Hall's deposition, that he claims no inter-est in the bond.    It is alleged, that the bond was assigned before the sale of the right of redemption as the property of Bartlett Sheldon.    What effect shall be given to the con-veyance of Bartlett Sheldon to Lot and Josiah Myrick, and whether their bond was assigned to William Sheldon in good faith, are questions in which William Sheldon is interested. He would not be bound by a decree unless he were a party to the bill, but could open the litigation afresh, and claim the right to redeem so far as it was conferred upon him by the bond.    If the plaintiff were permitted to redeem, William Sheldon could then commence a suit in equity against him, and require a decision upon his claim.    He must therefore be made a party to the bill.    But Bartlett Sheldon having con-veyed all his interest in the premises and assigned the bond, no longer appears to have any interest in the subject.

Nathan W. Sheldon when he conveyed his interest in the premises to Bartlett Sheldon still retained a part in mortgage, and would have the right of redemption in such part.    But on the 9th of October 1850, he mortgaged a part of the pre-mises to James G. Houston, to secure the payment of four hundred dollars.    The case does not very clearly disclose, that the part mortgaged to Houston was a portion of the same, which Bartlett Sheldon had previously mortgaged to Nathan W. Sheldon, but it probably was, or else he mortgaged that to which he had no title.    Houston is to be regarded, so far as the facts are at present developed, as an owner of the right to redeem a portion of the premises, and must also be made a party to the bill.

The plaintiff has liberty to make those persons defendants in his bill, who are required to be parties, as before mentioned, and then the interests of all in the mortgaged premises can be duly considered, and a decree passed, which will deter-

mine their respective rights. Unless the plaintiff makes the necessary motion to amend, the bill will be dismissed. This motion will be granted upon the payment to the defendants of their costs, excepting those costs, which have arisen for the testimony already taken. *Haughton* v. *Davis*, 23 Maine, 28.

SHEPLEY, C. J., and HOWARD, RICE and HATHAWAY, J. J., concurred.