Beals *v.* Cobb.

LYDIA K. BEALS, *in Equity, versus* OTIS ⋅ C.. COBB.

The mortgage of a married woman to secure her own promissory note is valid.

When the mortgagee has parted with all his interest in the mortgage, and the debt secured thereby, and is not accountable for rents and profits, he need not be made a party to a bill in equity to redeem.

But when he has merely given to another a quitclaim deed of the mortgaged premises, without assigning the mortgage debt, he must be made a party to such bill.

The Court will take notice of the want of necessary parties to a bill in equity, and ordinarily in such cases will allow an amendment on just terms.

But when a case in equity is submitted to the Court on an agreed statement, with the stipulation that "no facts, statements, or allegations are to be considered by the Court except those therein agreed upon," and the bill is defective for want of necessary parties, it will be dismissed, but without costs and without prejudice to either party.

BILL IN EQUITY.. The case was submitted on an agreed statement of facts, which are sufficiently stated in the opinion.

*Bennett*, for the plaintiff.

*Drummond*, for the defendant.

The opinion of the Court was drawn up by

WALTON, J. — This is a bill in equity to redeem real estate mortgaged by a married woman to secure her own promissory notes, and the only question about which the parties seem to have disagreed, — or at least the only one argued by their counsel, — is whether such a mortgage can be upheld. This Court, upon a full and careful review of the law, have decided within the last year that such a mortgage is valid. *Brookings* v. *White*, 49 Maine, 479.

The objection, therefore, that this bill cannot be sustained because the mortgage was made by a married woman, is not a valid one. But there is another more formidable objection, and that is the want of a necessary party to the bill.

Otis C. Cobb is the only party defendant, and yet the notes to secure which the mortgage was given were not

Beals *v.* Cobb.

payable to him, and it does not appear that they have ever been assigned to him, or that he is in equity entitled to the amount due upon them. The notes were made payable to Asa Matthews, and, for aught that appears, still remain his property.

True, Matthews gave a quitclaim deed of the land to Cobb, and perhaps this deed would operate as an assignment or transfer to him of the conditional fee created by the mortgage; but it would not necessarily operate as an assignment of the notes. It may be that Cobb claims (and perhaps rightfully) that he is equitably entitled to the amount due upon them. But the case does not show it; and in making it up the parties have expressly stipulated that no facts, statements, or allegations are to be considered by the Court except those therein agreed upon. Besides, such a claim presents a question in which Matthews is very clearly interested, and he should have an opportunity to be heard before it is decided. "It is the constant aim of courts of equity to do complete justice, by deciding upon and settling the rights of all persons interested in the subject matter of the suit, so that the performance of the decree of the Court may be perfectly safe to those who are compelled to obey it, and also that future litigation may be prevented." All persons materially interested in the subject matter of a suit in equity should be made parties to it. By this means the Court is enabled to make a complete decree between the parties, which will bind them all, and prevent future litigation, and make it perfectly certain that no injustice is done, either to the parties before it, or to others who are not before it. Story's Eq. Pleadings, § 72; *Bailey* v. *Myrick*, 36 Maine, 50.

When the legal estate created by a mortgage, and the debt to secure which the mortgage was executed, are held by different persons, the holder of the legal estate is only a trustee in respect to such estate, and holds it for the benefit of the person to whom the debt is due; and, in suits in equity respecting trust property, the rule is, that not only the

trustees, but the *cestuis que trust* (or beneficiaries) must be made parties. "The trustees have the legal interest, and therefore they are necessary parties. The *cestuis que trust* (or beneficiaries) have the equitable and ultimate interest to be affected by the decree, and therefore they are necessary parties." Story's Eq. Pleadings, § 207.

If the assignment by a mortgagee is such as to leave no interest in him to be affected by the decree; that is, if he has assigned his whole interest in the legal estate, and his whole interest in the debt secured by the mortgage, and the extent and validity of the assignments are not questioned, and there is no claim upon him for rents and profits, it is not necessary to make him a party defendant to a bill in equity to redeem the estate. But if the assignment is such as does leave an interest in the mortgagee which will be affected by the decree, whether it be an interest in the legal estate, or an interest in the debt, or an interest in the rents and profits to be accounted for, or if the extent or validity of the assignment is questioned, or if his interest in the subject matter of the suit is left in doubt even, he is a necessary party, and the Court will not proceed in his absence. Story's Eq. Pl., §§ 191, 192.

What the real transaction between Matthews and Cobb was, or for what purpose the quitclaim deed from the former to the latter was executed, or for what consideration, or if the quitclaim deed was intended as an assignment of Matthews' interest in the mortgage, why the notes secured by it were not also assigned or delivered to Cobb does not appear. The amount to be paid to redeem the estate may equitably belong to Matthews. The parties agree that he has never assigned the notes to Cobb, unless such was the effect of the quitclaim deed, and the case does not disclose enough to satisfy us that such was its effect. If the parties had intended that such should be its effect, and the case disclosed enough to satisfy us that such was their intention; or if it were necessary to give it such an effect in order to do justice between them, the Court might so hold. But, as

before remarked, these are questions in relation to which Matthews has a right to be heard, and the Court cannot properly proceed to determine them in his absence.

In equity suits, the Court will take notice of the want of proper and necessary parties. It is not necessary that the objection should be taken in the pleadings, as in suits at law. But in such cases, the Court will, on motion, ordinarily allow the defect to be supplied by an amendment of the original bill upon such terms as they shall think just. But in this case no motion to amend has been made. The case is presented on an agreed statement of facts, and the parties have expressly stipulated that, in determining it, "no facts, statements, or allegations are to be considered by the Court except those therein agreed upon;" and we do not think it would be right at this stage of the proceedings to disregard this agreement, and open the case to new allegations and new proofs. The case has been deliberately submitted to us for a final adjudication, and as we cannot properly make the decree prayed for, as the case is now presented, we think the bill must be dismissed.

The Court have already decided in *Brookings* v. *White*, before referred to, that a married woman's mortgage, although made to secure her own promissory note, is not void, overruling all former decisions and dicta to the contrary; and, when this is known to the parties, probably they will be able to agree upon their rights and liabilities without further litigation, for this seems to have been the principal point about which they disagreed.

*Bill dismissed, without costs, and without*
*prejudice to either party.*

APPLETON, C. J., DAVIS, KENT and DICKERSON, JJ., concurred.