GEORGE W. F. CHAMBERLAIN, administrator, in equity, *vs.* WILLIAM K. LANCEY.

*Trusts—bill in equity to enforce—pleading.*

In a bill seeking the inforcement of an alleged trust in relation to real estate held by a deed absolute in form, but as security for certain loans, no allegation of a demand for an account, or of a tender of the amount due is necessary, as in a bill for the redemption of a statutory mortgage.

Such a bill, brought in the name of one who is one of the heirs of the deceased *cestui que trust*, and also administrator of the estate, for the benefit of the estate and of himself and the other heirs, cannot be maintained ; but all the heirs must be made parties, although all of them except the complainant resides without the jurisdiction.

BILL IN EQUITY heard on demurrer.

The bill is brought in the name of the complainant administrator of the estate and heir of Geo. W. Chamberlain, for the benefit of the estate and for each and all of the heirs as well as for himself, and alleges, substantially,

That his intestate died July 19, 1868, leaving certain heirs named (resident in other States) ; that his intestate, at the time of his decease, was indebted to the respondent on account of certain loans of money had during his lifetime, and for the security of which, the intestate had at sundry times conveyed divers parcels of land to the respondent by deeds absolute in form, but intended as mortgages.

That on June 25, 1855, Lancey agreed to loan the intestate $2,000, and receive as security therefor certain land by deed absolute in form, to be held in trust as security for that sum ; that the land [described] was accordingly conveyed and the money loaned and the intestate's note given therefor.

That on divers days specified, the intestate paid the respondent several sums named.

That in August, 1856, in recognition of the trust, the respon-

dent gave the intestate a bond to reconvey, upon payment of $2,000 on or before Oct. 28, 1857 ; that on Oct, 22, 1857, the intestate paid the respondent $600 which was indorsed on said note, and on Oct. 27, $168, and Oct. 10, 1859, $638.

That on Oct. 5, 1859, the intestate procured another loan from the respondent of $300 and gave his note therefor, and conveyed two other lots of land described in form and intent as before ; and that at sundry times named the intestate paid the respondent divers sums on account of said loans amounting to $450.; that at the time of the decease of the intestate, and of the appointment of the complainant, the loans remained unpaid, in part, and the respondent held the lands and notes as security therefor.

That during the latter part of intestate's life he was feeble in health, wrote several letters to the respondent to come and see him and arrange their matters ; went to see the respondent who agreed to effect an arrangement the next week, but neglected to do so ; that respondent then stated that the amount due him Nov. 1, 1862, was $1516.49, and that he would release the lands for that sum and compound interest at twelve per cent from said time ; that he would settle the matter soon.

That after repeated agreements by the respondent with the complainant to settle and adjust the matter, the respondent finally refused to receive less than the sum named and twelve per cent compound interest, which the complainant refused to pay.

That the complainant has the right to redeem the land, and is ready and willing to pay the respondent all sums due on said loans in redemption of the lands.

Prayer—for answer and true account of all moneys advanced and payments received, and all rents and profits ; and that the respondent may be declared to hold the lands in trust and as security for the loans, and be compelled to release the same to the complainant and his said co-heirs upon payment or tender of the amount due, he offering to perform all acts necessary.

*J. S. Rowe,* for the complainant.

The nature of the bill rests on trust and fraud.   It is not a bill to redeem a mortgage described in R. S., c. 90, § 1.

The demurrer admits the facts alleged *pro hac vice.*   Those facts show that the defendant holds lands in trust for the Chamberlain heirs, and fraudulently refuses to execute that trust.

The bill is brought by one heir for the benefit of himself and the other heirs, who are all out of the jurisdiction of the court.   It seeks a discovery of a trust, and a release to all the heirs.

So far as it seeks a discovery, there can be no question.

As to relief, the common practice of courts of equity is to allow one of a class to bring a bill for the benefit of himself and the others of his class, where convenience requires it, and no injustice can be done to others, as in case of creditors, legatees, members of voluntary associations, etc., etc.   Story's Eq. Pl., §§ 76 *c*, 77, 96. This case comes under the exception in § 78.

Whether one or all the heirs are parties, can make no difference to this defendant, nor to the character of the defense.   The interest of absent heirs cannot be affected injuriously.   The relief asked can be solely for their benefit.   All that is asked is a release to them of their shares, as heirs at law, of the intestate's land.

In *Harding* v. *Handy*, 11 Wheaton, 104, a bill was filed by some of the heirs of a deceased person, to set aside a deed procured from the ancestor, by fraud, the case was heard fully on the proofs which were voluminous, and the circuit court decreed that the deed be set aside, and that the land be sold, and the receipts be applied first to discharge the liens which the grantee had on it, and then the surplus to be distributed among the heirs.   The supreme court held this decree to be right as to the setting aside of the deed, but that the order to sell shares of the absent heirs could not properly be made till they had been summoned in, for the sale of their shares might be injurious and undesirable to them.

Story's Eq. Pl. (3d ed., 1844), §§ 135 *a*, 136, and 47th and 48th Equity Rules of the Supreme Court of the U. S., cited in note under them.

*A. Libby,* for the defendant.

Chamberlain *v.* Lancey.

APPLETON, C. J. The bill alleges that the defendant held the real estate, therein described, in trust for George W. Chamberlain, and as security for loans from him to said Chamberlain; that said Chamberlain has deceased, that this complainant is administrator on his estate and one of his heirs at law, and that he brings this bill for the·benefit of his co-heirs and of the estate. The prayer of the bill is that the defendant may be declared to hold the lands described in the bill in trust, and as security for certain loans therein set forth, and be compelled to release the same to this complainant and his co-heirs· upon being paid or tendered the amount which may be due him for and on account of loans made.

The complainant describes himself as administrator and heir, but there is no allegation in the bill that the estate of George W. Chamberlain is insolvent.

The defendant has demurred to the bill. The demurrer admits the facts set forth in the bill. A trust estate, therefore, for the purpose of this discussion, may be assumed to exist.

Two causes of demurrer only have been argued, which we propose to examine.

1. It is objected that there has been no demand for an account and no tender of the sum due. In other words, that the complainant does not bring himself within the provisions of R. S., c. 90, § 17, which sets forth what a mortgagee is required to do when seeking to redeem his mortgaged estate.

The bill does not set forth a statute mortgage. None such is pretended to exist. The bill is not brought under the provisions of the revised statutes relating to mortgages. It seeks only the enforcement of an alleged trust, not the redemption of a statutory mortgage. The offer, too, is made to pay whatever there may be due the trustee. This objection cannot avail.

2. It is objected that there are not the proper parties to the bill.

The enforcement of a trust is sought for. George W. Chamberlain was the original *cestui que trust.* Upon his death, his rights devolved upon his heirs. The defendant, assuming the ex-

Chamberlain *v.* Lancey.

istence of a trust, holds the estate for the benefit of his heirs. If it is to be enforced, it is to be enforced by them.

One of the heirs only is a party. The general rule is, that all interested in the object of the suit ought to be made parties. There is no reason perceived why the co-heirs of the complainant may not and should not be parties. There is no allegation that the other heirs have declined to become parties complainant. If they had so declined, they might have been made parties defendant.

Nor is the allegation that they are residents without the State a sufficient reason for not making them parties. ' It is usual . . . to add in the bill the name of the person out of the jurisdiction of the court, so far as may be necessary to connect his case with that of the other parties. But in such case, the bill should not only allege, that the person is out of the jurisdiction, but it should go on to pray process against him, so that he be made amenable to the process of the court, if he should come within the jurisdiction.' Story's Eq. Pl., § 80.

The trustee should not be liable to but one process. The rights of all those for whose benefit the trust exists should be finally settled in this case. What may be the relations between the co-heirs we do not know. One heir may have acquired the equitable rights of his co-heirs. In such case, a conveyance to all the heirs might be adverse and prejudicial to the interests of some one of them, and lead to further litigation. The rights of parties not before the court cannot safely be determined in their absence.

*Demurrer sustained.*

CUTTING, KENT, WALTON, and BARROWS, JJ., concurred.