AMERICAN DISCOUNT CORPORATION *vs.* HASKELL A. KAITZ
& others.[1]

Suffolk.    January 6, 1965. — April 1, 1965.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER,
& SPIEGEL, JJ.

*Pleading, Civil,* Plea in abatement, Declaration. *Corporation,* Officers
and agents, Contracts, Enforcement of claim of corporation. *Cham-
perty. Attorney at Law. Contract,* Validity, With attorney.

For the purpose of hearing a plea in abatement in an action at law, alle-
gations in the declaration not denied in the plea are to be taken as true.
[708]

Under G. L. c. 231, §§ 1A, 4A, 7, Sixth, there was no misjoinder of causes
of action or of parties in an action in contract and in tort by a finance
corporation and three of its five directors against partners with counts
in the declaration for breach of contracts to audit the affairs of the
plaintiff corporation and for negligence in the performance thereof.
[708–709]

The directors of a business corporation expressly authorized by its by-laws
to make contracts on its behalf were authorized to contract with counsel
for a suit to enforce certain contracts, even though the by-laws gave the
stockholders concurrent authority in this respect.    [709–710]

A director, treasurer and general manager of a finance corporation who
dissipated its assets by making loans or advances in violation of direc-
tors' resolutions and against nonexistent collateral had a personal in-
terest adverse to the corporation which disqualified him from voting and
invalidated his negative vote at a directors' meeting on the question of
hiring counsel to institute an action against the corporation's audi-
tors for failure to report such dissipation of assets, even though the
ground for his vote was his belief that the corporation could not pre-
vail.    [710–711]

A contract providing for the establishment of a debt on the part of a
client for services rendered by his attorney was not champertous.    [712]

CONTRACT AND TORT.    Writ in the Superior Court dated
February 5, 1964.

---

[1] Stanley Kaplan and Jason H. Wolf.

Pleas in abatement were heard by *Sullivan, J.*

*Marcien Jenckes* (*William B. Dockser* with him) for the plaintiff.

*Robert W. Blakeney* (*Alfred Sigel* with him) for the defendants Kaitz & another.

*Harold Lavien* (*Lionel H. Perlo & Joshua A. Guberman* with him) for the defendant Kaplan.

WILKINS, C.J.   This action in contract and in tort for negligent performance of contracts for making audits of the plaintiff, American Discount Corporation, a corporation of Massachusetts (Discount), is in four counts.   Counts 1 and 2 are for breach of contract.   Counts 3 and 4 are in tort for negligence.   Counts 1 and 3 are by Discount.   Counts 2 and 4 are by three of the five directors of Discount.[2]   The three defendants were partners.   They filed pleas in abatement to counts 1 and 3 attacking the authority of counsel to appear for Discount.   The defendants Wolf and Kaitz also answered in abatement as to these counts that there is a misjoinder of parties plaintiff and parties defendant, and that the "action improperly joins causes of action against different defendants."   The third defendant, Kaplan, also answered in abatement that the entire action should be abated because the declaration improperly joins causes of action against different defendants.   The pleas were heard on a stipulation of agreed facts, and were sustained.   The plaintiffs all excepted.

The record might more clearly present the facts essential to the consideration of the questions of law which are the issues on appeal.   There were no findings by the judge and no statement of any choice of ground upon which he relied for sustaining of the pleas.   A few facts were given in a stipulation.   Other facts may be culled from the declaration.

According to the stipulation, from March 31, 1958, until his resignation on March 31, 1963, William J. Leventhal was treasurer and general manager of Discount.   From March 31, 1958, there was a board of five directors of Dis-

---

[2] Frank Palumbo, Aaron Rosenberg, and Louis J. Blank.   They filed exceptions, but did not join in the bill of exceptions.

count: Frank Palumbo, Aaron Rosenberg, Louis J. Blank, William J. Leventhal, and Tillye Leventhal. Each director owned twenty per cent of the issued and outstanding stock.

The declaration alleges that Discount engaged the defendants to make audits of its affairs in accordance with generally accepted principles of accounting applicable to finance companies "for period ending September 30, 1958, and each six months thereafter to March 31, 1962." William J. Leventhal, therefore, was treasurer of Discount during the periods of the contracts which are the basis of this suit. The declaration makes the allegation, which is not denied: "In reliance upon the audits made by the defendants, the individual plaintiffs guaranteed notes of the plaintiff corporation which they were required to honor and which cannot be collected from the plaintiff corporation because its assets have been dissipated by its treasurer in making loans or advances in violation of directors' resolutions and against collateral which did not exist, which matters the defendants failed to audit or report upon."

Allegations not denied are admitted to be true for the purpose of hearing the pleas. *Cole* v. *Wells,* 224 Mass. 504, 513. *Moran* v. *Manning,* 306 Mass. 404, 409. *S. Solomont & Sons Trust, Inc.* v. *New England Theatres Operating Corp.* 326 Mass. 99, 110. *Donahue* v. *Kenney,* 327 Mass. 409, 414. *Kalmus* v. *Kalmus,* 330 Mass. 41, 42. *Braunstein* v. *Devine,* 337 Mass. 408, 413. See *Bay State Wholesale Drug Co.* v. *Whitman,* 280 Mass. 188, 194–195.

1. At the outset we consider the plea in abatement of the defendant Kaplan, which, according to his brief, was the only plea applicable to the whole case, and, therefore, the only one which could abate all four counts. He appears to argue that because two of the counts are not printed in full in the record, it is impossible to show that all four counts arise out of the same matter. This failure to print is not fatal. Under G. L. c. 231, § 135, third paragraph (as amended through St. 1941, c. 187), "The supreme judicial court may make and promulgate rules regulating the con-

tents of the record and may in any case order the transmission of the original or a copy of any paper not appearing in the record, or appearing therein in an abbreviated form, if at any time such omitted paper or any omitted part of such abbreviated paper becomes material." *Atlantic Aluminum & Metal Distribs. Inc.* v. *Standard Paint & Wall Paper Co. Inc.* 347 Mass. 415, 417. The full counts have been so transmitted, and clearly arise out of the same matter, as alleged in the declaration. The declaration is within the provision of G. L. c. 231, § 7, Sixth (as amended by St. 1939, c. 67); § 1A (inserted by St. 1951, c. 403). There was no misjoinder of parties or of causes of action. *Id.* § 4A (as amended through St. 1947, c. 408, § 1).

The defendants Kaitz and Wolf have not argued their pleas in abatement, and they are treated as waived.

2. The defendants contend that only the stockholders had power to hire counsel. We cannot agree. We are referred to Discount's by-laws, art. II, which reads in pertinent part: "Except as may be prohibited by law, all the powers of the corporation shall at all times be vested in, and may be exercised by the stockholders. The directors shall exercise only such powers as they are required by law to exercise, and such powers as are expressly delegated to them by the by-laws of the corporation; and any delegation of powers by the by-laws or by the stockholders to the directors notwithstanding, the stockholders may at all times exercise the same powers. The stockholders may at any time, at their pleasure, direct the officers and employees of the corporation and define their duties and powers, and do all and everything which they may deem necessary, proper or convenient for the conduct of the affairs of the corporation." This should be read with art. IV, which provides: "Subject to the provisions of article II, the powers and duties of the officers of the corporation shall be — Section 1. *Directors:* The board of directors may exercise all the powers of the corporation, except such as are conferred upon the stockholders by law, by the agreement of association and by these by-laws, borrow money and incur such in-

debtedness as it may deem necessary, authorize the making, drawing or acceptance of bills of exchange, promissory notes and contracts on behalf and for the purposes of the corporation, and purchase and acquire for the corporation, upon such terms and conditions as it may determine, such property as it may deem expedient for the purposes for which the corporation is organized. . . ."

A reading of the by-laws makes clear that the stockholders have not been given exclusive authority on behalf of the corporation to make contracts, including contracts for the hiring of counsel. The authority to the directors to make contracts must include the authority to enforce them by suit. At most, the stockholders have been accorded permissive authority which is concurrent in this respect with that of the directors. This interpretation is in accordance with G. L. c. 156 relating to business corporations. "The business of every corporation shall be managed and conducted by a president, a board of not less than three directors, a clerk, a treasurer and such other officers and such agents as the corporation by its by-laws shall authorize." *Id.* § 21. "The board of directors may exercise all the powers of the corporation, except such as are conferred by law, or by the by-laws of the corporation, upon the stockholders." *Id.* § 25. Compare G. L. c. 156B, §§ 47, 54 (inserted by St. 1964, c. 723, § 1, effective October 1, 1965). The latter section obviously means "expressly conferred."

3. The defendants next argue that the vote by the board of directors to hire counsel was not valid where, of the five directors, only the three individual plaintiffs voted in the affirmative. William J. Leventhal and Tillye Leventhal were the two who voted in the negative, the former stating at one meeting of the board that "his objections were on the grounds that he felt that in a suit we could not prevail." The defendants' reliance is on the provision of the by-laws that a seventy per cent vote of the board was required to do any act. Art. IX, § 3, as amended. On the other hand, Discount argues that William J. Leventhal was disqualified and so his presence could not be counted in de-

termining the number necessary for a valid vote. On this theory, the vote in favor of hiring counsel was three to one, or seventy-five per cent.

In considering the pleas, it must be taken as a fundamental fact that William J. Leventhal, as treasurer of Discount, dissipated the corporate assets in the manner alleged, and that his ground for voting against bringing the suit was his belief that Discount could not prevail.

Simply analyzed, the situation is revealed to be one of a clear conflict of interest. By his conduct Leventhal had brought himself into an antagonistic position to that of the corporation. It was in Discount's interest that an action be brought to repair the damage to its assets charged against the defendants. It was in Leventhal's interest that his conduct not be disclosed, and that its consequences be kept concealed. It thus stands emphasized that in his vote against hiring counsel Leventhal in substance was voting against the bringing of an action based upon his own shortcomings. In the very interest of fairness it was manifestly unjust for him to take a stand against redressing the wrongs for which he was mainly responsible.

As a director, Leventhal was bound to act with absolute fidelity and to place his duties to the corporation above every other obligation. His relationship to Discount was that of a fiduciary. *Spiegel* v. *Beacon Participations, Inc.* 297 Mass. 398, 410. Where the director's duty of loyalty to the corporation is in conflict with his self-interest the court will vigorously scrutinize the situation. *Sagalyn* v. *Meekins, Packard & Wheat Inc.* 290 Mass. 434, 439. *Winchell* v. *Plywood Corp.* 324 Mass. 171, 177. On the facts William J. Leventhal possessed a personal interest adverse to Discount and was disqualified from voting on hiring counsel to institute suit. See 1 Hornstein, Corporation Law and Practice, § 415; Spellman, Corporate Directors, §§ 170, 171; 2 Thompson, Corporations (3d ed.) § 1337; 19 C. J. S., Corporations, § 749 (c). Cf. *Braunstein* v. *Devine,* 337 Mass. 408, 414. Compare *S. Solomont & Sons Trust, Inc.* v. *New England Theatres Operating Corp.* 326 Mass. 99, 114.

4.  One defendant seeks to show that counsel for Discount entered into an illegal contract to render services for a contingent fee.  This question is not raised in the record. It is not referred to in the pleas in abatement, and is not mentioned by the judge.  The only references to compensation of counsel are in three directors' meetings which were a part of the stipulation.  A letter of counsel accepting employment is not in the record, and comes to our attention only in a footnote in the plaintiffs' brief.  This cannot be considered, but there is no harm in adding that it does not uphold this defendant's contention because, reasonably construed, the contract seems to provide that a debt for services is established.  *Sullivan* v. *Goulette,* 344 Mass. 307, 310, and cases cited.

5.  It was error to sustain the pleas.  Let the following entries be made.

*Exceptions sustained.*

*Pleas in abatement overruled.*