CHARLES A. WOODS *vs.* STATE BOARD OF PAROLE.

Suffolk.    December 8, 1966. — January 5, 1967.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & REARDON, JJ.

*Equity Jurisdiction,* Declaratory relief. *Practice, Criminal,* Sentence. *Equity Pleading and Practice,* Rehearing.

If the requirements of G. L. c. 231A can be met, a suit for declaratory relief will lie to determine the proper application of legal principles to ascertained facts respecting criminal sentences and their incidents. [559]

A suit in equity did not lie under G. L. c. 231A for a decree to determine
whether sentences of a prisoner should be viewed in the aggregate for
the purpose of ascertaining when he would become eligible for parole.
[559]

A suit in equity can be maintained under G. L. c. 231A by a prisoner for
a decree determining what valid sentences are outstanding against him
and the order in which he must serve them.   [560]

Where the trial judge in a suit in equity for declaratory relief dismissed
the bill on the ground that G. L. c. 231A was not "applicable to the
determination of" the questions raised by the plaintiff and did not con-
sider the merits thereof, and upon the plaintiff's bill of exceptions the
only issue argued was the applicability of that chapter and this court
held that a suit could lie thereunder, in the circumstances the exceptions
were sustained and the final decree reversed to allow further proceedings
in the Superior Court.   [560]

BILL IN EQUITY filed in the Superior Court on October 20,
1965.

The suit was heard by *Vallely*, J.

*Chester C. Paris* for the plaintiff.

*Willie J. Davis*, Assistant Attorney General, for the de-
fendant.

CUTTER, J.  Woods seeks declaratory relief concerning
criminal sentences imposed upon him.  On February 18,
1955, Woods was sentenced to a term in prison of four
to six years.  While at liberty on parole, he committed
another crime, which caused his parole to be revoked.
"The revocation warrant was lodged at the Walpole State
Prison."  On April 24, 1958, he was sentenced to prison for
a term of four to six years.  He was transferred to Con-
cord on July 10, 1958, and there became involved in a riot
in April, 1959.  After an attempted escape he was appre-
hended and sentenced on June 29, 1959, to a maximum term
of nineteen to twenty years to run "from and after" the
expiration of the 1958 sentence.  He also received a two
and a half year sentence to the house of correction to be
served after his other sentences.

Woods' bill for declaratory relief is far from clear.  He
was not represented in the Superior Court by counsel, al-
though in this court counsel appeared for him.  His present
counsel states in a brief that what Woods sought by his bill
was a binding declaration as to (1) the sequence in which
the various prison sentences imposed upon him are (or

were) to be served; (2) the validity of certain sentences (presumably the 1959 sentences) in the form in which they were imposed upon him; and (3) the validity of the aggregation (except for parole purposes) of certain sentences (presumably the 1958 sentence and the 1959 sentences, without the intervening service by him of the balance of the 1955 sentence).[1] The Attorney General construes the bill as seeking only a binding declaration concerning the validity of parole board action in aggregating certain of the sentences for the purpose of determining an eligibility date for the possible parole of Woods.

In the Superior Court the case was heard on a statement of agreed facts which recounts most of the facts already set forth. It is agreed that the "expiration date for all sentences which total 23–26 years is March 5, 1984, with a possible good conduct discharge date of July 1, 1973. . . . [Woods'] parole eligibility date on all sentences is March 19, 1967."[2] By final decree Woods' bill was dismissed on the ground that G. L. c. 231A is not "applicable to the determination of rights of persons serving criminal sentences in relation to release dates from . . . [such] sentences." Woods brings before us a bill of exceptions which, although incomplete, at least vaguely presents the correctness of the trial judge's ruling on the applicability of c. 231A. We have considered the statement of agreed facts and the pleadings although they have not been incorporated by reference in the bill of exceptions as they should have been. See G. L. c. 231, § 135, third par. (as amended through St. 1941, c. 187); *American Discount Corp.* v. *Kaitz,*

---

[1] Woods' counsel suggests that Woods sought to know (a) whether the parole revocation warrant on the 1955 sentence should be (or should have been) executed at the expiration of Woods' service of the 1958 sentence; (b) whether the 1959 sentence was validly imposed without considering the parole revocation warrant; and (c) whether the 1958 and 1959 sentences may properly be viewed in the aggregate so that execution of the parole revocation warrant will not take place until some date in the future. What the practical significance of the various possible determinations may be has not been stated to us intelligibly by Woods.

[2] The statement of agreed facts also says that the "record indicates that the outstanding sentences remaining to be served by . . . Woods are . . . the balance of the 4–6 year [1955] sentence . . . because of the issuance of . . . [the 1958] revoke warrant . . . [and the] sentence of 2½ years . . . for conspiracy to escape."

348 Mass. 706, 708–709.

1. The Attorney General correctly concedes that the trial judge (if he meant that declaratory relief is never available with respect to criminal sentences) was in error and gave an incorrect reason for dismissing the bill. General Laws c. 231A (which, in accordance with § 9, is to be liberally construed) does not prevent declaratory relief concerning criminal sentences and their incidents, where other prerequisites of granting such relief are present. See *Gildea* v. *Commissioner of Correction,* 336 Mass. 48, 51 (erroneous computation of good behavior deduction); *Brown* v. *Commissioner of Correction,* 336 Mass. 718 (date of commencement of a "from and after" sentence); *Martin* v. *State Bd. of Parole,* 350 Mass. 210, 212–214 (whether prisoner whose parole was revoked was entitled to a hearing on the revocation and to credit for time between revocation and reimprisonment). These cases determined questions related to sentences which did not rest in administrative discretion but involved only the proper application of legal principles to ascertained facts.

2. Under G. L. c. 231A, § 3, declaratory relief may be denied where a decree will not dispose of the controversy. If Woods (as the Attorney General contends) seeks merely to determine whether the 1958 and 1959 sentences may be viewed in the aggregate for the purpose of ascertaining when he will become eligible for parole, a declaration on that issue will not effectively determine when he must be released. The granting of a parole is discretionary. G. L. c. 127, §§ 130, 133. Even by a writ of mandamus, the board may be required merely to consider a prisoner's petition for parole. The board may not be required to exercise any discretion for the benefit of a prisoner. See *Weinstein* v. *Chief of Police of Fall River,* 344 Mass. 314, 318; *D'Urbano* v. *Commonwealth,* 345 Mass. 466, 476. It may be noted also that the earliest date upon which Woods will become eligible for parole is a matter about which the agreed facts indicate no unresolved uncertainty. We need not decide whether, if that were the only issue presented, we would take the view (see *Merchants Mut. Cas. Co.* v. *Leone,* 298 Mass. 96, 100)

that Woods' bill should be dismissed under c. 231A, § 3, upon the statement of agreed facts.

3. Examination of Woods' bill convinces us that the Attorney General has understandably misinterpreted what relief Woods is seeking. We think that Woods has presented in confused form a request for declaratory relief on the issues (see fn. 1, and related text of this opinion) which his present counsel has now attempted to define with greater precision. The original papers in the Superior Court, upon which (by leave of court) Woods' bill of exceptions has been considered, indicate that he in fact is seeking to know what valid sentences are now outstanding against him and the order in which they must be served by him. No question involving exercise of discretion by the parole board appears to be involved.[3] If he is now asking only to have the governing statutes and principles of law applied to the facts and to the sentences, G. L. c. 231A would permit a declaration concerning the sentences.

4. The only issue which has been fully argued to us is whether a declaration may be made under G. L. c. 231A. The merits of Woods' contentions (if, indeed, they have any merit) have not been argued to us or considered in the Superior Court. Woods' contentions should be dealt with in the Superior Court in the first instance.

In the circumstances, we merely sustain Woods' exception to the trial judge's ruling that c. 231A is not applicable, and order the final decree reversed so that further proceedings, consistent with this opinion, may take place in the Superior Court. If it appears that, because Woods was not represented by counsel in the Superior Court, the statement of agreed facts is incomplete or was entered into improvidently, it may be discharged as "not conducive to justice" in the discretion of the Superior Court. See *Loring* v. *Mercier,* 318 Mass. 599, 601; *Massachusetts Gen. Hosp.* v. *Revere,* 346 Mass. 217, 218, fn. 1.

*Exceptions sustained.*
*Final decree reversed.*

---

[3] Woods seems to have contended in documents and briefs filed in the Superior Court that G. L. c. 279, §§ 8 and 8A (and perhaps also G. L. c. 127, §§ 130 and 133), determine what the declaration should be.