Richard W. HIGGINS

v.

Allan L. ROBBINS, Warden.

Richard W. HIGGINS

v.

STATE of Maine et al.

Supreme Judicial Court of Maine.

April 28, 1970.

and #975 (habeas corpus) are set forth in Appendix A.

Rudman, Rudman & Carter, by Paul L. Rudman, Bangor for plaintiff.

Garth K. Chandler, Asst. Atty. Gen., Augusta, for defendants.

Before WILLIAMSON, C. J., and WEBBER, DUFRESNE, and POMEROY, JJ.

## WILLIAMSON, Chief Justice.

These are appeals by the petitioner Richard W. Higgins in two cases: Richard W. Higgins v. Allan L. Robbins (Superior Court #8576—Law Court #970), a complaint for mandamus and declaratory judgment, and Richard W. Higgins v. State of Maine and Allan L. Robbins, Warden (Superior Court #8863—Law Court #975), a post-conviction habeas corpus petition brought under 14 M.R.S.A. § 5502 et seq. The petitioner chose to prosecute pro se both cases before the sitting Justice. On appeal he is represented by Court-appointed counsel. By stipulation and agreement the cases are considered jointly on briefs filed in Law Court—#970—and further, the issues are, or more accurately the prime issue is, identical in both cases.

The sitting Justice in #970 on January 6, 1969, entered a declaratory decree or judgment that petitioner's sentence imposed for an offense committed while on parole should be served concurrently with the existing term being served while on parole, and on January 27, 1969 entered a correcting decree or judgment that the sentence should commence on the expiration of the existing term. The latter decree was entered on motion of the respondent Warden made "pursuant to M.R.C.P., Rule 60(b) (5)." The pertinent parts of the decrees, including the facts applicable to both #970

■ At the outset we are confronted with issues of jurisdiction. That the parties did not question jurisdiction of the Court below in either case is not material to our inquiry. We may examine jurisdiction at any time and on our own motion. Eastern Maine Elec. Coop. v. Maine Yankee Atom. P. Co., Me., 225 A.2d 414; Hutchins v. Hutchins, 136 Me. 513, 4 A.2d 679; Stinson v. Taylor, 137 Me. 332, 17 A.2d 760; Angell v. Gilman, 144 Me. 202, 67 A.2d 15; M.R.C.P. Rule 12(h) (3); 1 F.McK. & W.Me.Civ.Pr.2d § 12.7.

### Law Court #970—*Declaratory Judgment—Mandamus*

The relief sought by #970, namely, the fixing of the commencement of the prison sentences, was available to the petitioner under post-conviction habeas corpus statute 14 M.R.S.A. § 5502 et seq. In Green v. State, Me., 245 A.2d 147, we held when the first of consecutive sentences is set aside for error, the later outstanding sentence commences at the date of imposition and not when the first sentence is declared void. The Court determined that the petitioner was entitled to relief limited to giving credit from the day he was received in prison on the valid subsisting sentence. *Green* overruled the earlier case of Smith v. Lovell, 146 Me. 63, 77 A.2d 575; Mottram v. State, Me., 232 A.2d 809; Hartley v. State, Me., 249 A.2d 38.

■ A proceeding for a declaratory judgment, however, may be maintained even though another remedy is available. Maine Broadcasting Co. v. Eastern Banking Co. et al., 142 Me. 220, 49 A.2d 224: Uniform Declaratory Judgments Act, 14 M.R.S.A. § 5951 et seq., and particularly Section 5953. Cf. Robbins v. Reed, 106 U.S.App.D.C. 51, 269 F.2d 242 (1959). See Borchard Declaratory Judgments 2d Ed. pp. 232, 236, 316; 1 Anderson Declaratory Judgments § 198 (2d ed.) 22 Am.Jur.2d, Declaratory

Judgments § 14; 26 C.J.S. Declaratory Judgments § 17.

■ Post-conviction habeas corpus takes the place of habeas corpus, writ of error, and coram nobis. 3 Maine Pract. Rules (Glassman) § 35.3; Rule 35(b), M.R.Crim. P. '* * * it comprehends and takes the place of all other common law remedies which have heretofore been available for challenging the validity of a conviction and sentence and shall be used exclusively in lieu thereof." 14 M.R.S.A. § 5502. A declaratory judgment is obviously not a common law remedy, therefore the Court was not in terms denied the jurisdiction, to be exercised in its sound discretion, to entertain and decide a complaint for a declaratory judgment on the facts presented. Jones v. Maine State Highway Commission, Me., 238 A.2d 226.

■ The fact that the complaint by the petitioner was for both a mandamus against the Warden and a declaratory judgment did not oust the Court below from jurisdiction. Mandamus we have held would not lie against the Warden under our post-conviction habeas corpus procedure. Freve v. State, Me., 230 A.2d 230. The Court below was entitled to find a valid reason for a declaratory judgment without consideration of the petitioner's request for the more drastic action of mandamus. *Borchard,* supra, p. 360. In short, relief by declaratory judgment did not rest on jurisdiction to issue a mandamus.

In the absence of a post-conviction relief statute such as ours, jurisdiction to enter a declaratory judgment to establish the commencement of a sentence rests on solid authority. Brown v. Commissioner of Corrections, 336 Mass. 718, 147 N.E.2d 782, 68 A.L.R.2d 708. In Woods v. State Board of Parole, 351 Mass. 556, 222 N.E.2d 882, 883, 884, the Massachusetts Court said:

"By final decree Woods' bill was dismissed on the ground that G.L. 231A [declaratory judgments statute] is not 'applicable to the determination of rights of persons serving criminal sentences in relation to release dates from * * * [such] sentences.' "

*   *   *   *   *   *

"The Attorney General correctly concedes that the trial judge (if he meant that declaratory relief is never available with respect to criminal sentences) was in error and gave an incorrect reason for dismissing the bill. General Laws c. 231A (which, in accordance with § 9, is to be liberally construed) does not prevent declaratory relief concerning criminal sentences and their incidents, where other prerequisites of granting such relief are present. See Gildea v. Commissioner of Correction, 336 Mass. 48, 51, 142 N.E.2d 400 (erroneous computation of good behavior deduction); Brown v. Commissioner of Correction, 336 Mass. 718, 147 N.E.2d 782, 68 A.L.R.2d 708 (date of commencement of a 'from and after' sentence); Martin v. State Bd. of Parole, 350 Mass. 210, 212–214, 213 N.E.2d 925 (whether prisoner whose parole was revoked was entitled to a hearing on the revocation and to credit for time between revocation and reimprisonment). These cases determined questions related to sentences which did not rest in administrative discretion but involved only the proper application of legal principles to ascertained facts."

We find no statute in Massachusetts analogous to our post-conviction habeas corpus statute.

Under our practice, before the 1963 post-conviction habeas corpus statute, mandamus was available to establish the commencement of a sentence for the purpose of determining eligibility for parole. Smith v. Lovell, supra, overruled on the merits in *Green,* supra.

The net result, in our view, is that the Court below had jurisdiction to entertain the complaint for a declaratory judgment and to enter the decree of January 6, 1969.

We then come to the interesting and important question of whether a trial judge

from whose decision an appeal has been taken has jurisdiction to recall and change his decision on the strength of a later decision in another case rendered by the Law Court before any steps have been taken on the appeal other than filing the required notice.

Rule 60(b) (5), M.R.C.P. reads as follows:

"*Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: * * * (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; * * *."

■ In our view, the rule does not permit the recall and change of decision in the situation before us. The purpose of the rule and the extent of its application is stated in 2 F.McK. & W.Me.Civ.Pr.2d § 60.10 as follows:

"*Grounds for Relief from Judgment— (5) Judgment Satisfied or No Longer Equitable*

A motion under Rule 60(b) (5) should not take the place of an appeal not timely taken. Thus it is properly held that a final judgment will not be disturbed when another case involving the same question is decided the other way by the appellate court."

*       *       *       *       *       *

"We are of the opinion that the judgment in this case was not 'based' upon a prior judgment which has been reversed or otherwise vacated within the meaning of subsection 5 of Rule 60(b)." Berryhill v. United States, 6 Cir., 1952, 199 F.2d 217, 219.

"Rule 60(b) was not intended to provide relief for error on the part of the court or to afford a substitute for appeal * * * Nor is a change in the judicial view of applicable law after a final judgment sufficient basis for vacating such judgment entered before announcement of the change." Title v. United States, 9 Cir., 1959, 263 F.2d 28, 31.

See also Elgin Nat. Watch Co. v. Barrett, 5 Cir., 1954, 213 F.2d 776, 779; Scotten v. Littlefield, 235 U.S. 407, 35 S.Ct. 125, 59 L.Ed. 289.

To permit the alteration of a judgment on the strength of a later decision of the Law Court would impair the certainty and finality of judgments in the trial court. The Court on such a motion might be compelled to consider later decisions of the Law Court of doubtful applicability to the case before him.

We conclude, therefore, that the sitting Justice on entering judgment had no further jurisdiction *on the facts hereof* to alter his decision in response to a Rule 60(b) (5) motion. The road of appeal was open and had been taken by the respondent. It became then a matter for the Law Court on appeal and not the sitting Justice to correct any error on the merits appearing after entry of the judgment. There was error, therefore, in granting the relief sought. The first or *pre-Hartley* decree of January 6, 1969 stands unaffected by the motion to correct and the correcting decree.

In reaching our decision it is unnecessary for us to consider the point raised by the petitioner that the Court below acted on the respondent's motion without adequate notice to the petitioner of a hearing. See Cousins v. Hooper, Me., 224 A.2d 836.

■ Under these exceptional and unusual circumstances, we will remand the case for processing of the respondent's appeal. His appeal duly taken was plainly withdrawn solely because he had obtained a favorable result upon his motion to correct the judgment erroneously filed under M.R.C.P. Rule

60(b) (5). It will be just, therefore, to consider the appeal to be still alive. M.R.C. P. Rule 73(a).

Obviously, it will be in the best interest of the petitioner and respondent to obtain a decision on the merits at an early date. The respondent will be allowed ten days from the date this decision is certified to the Superior Court to complete and file one complete record on appeal with the Superior Court for transmission to the Law Court, with copy to counsel for the petitioner.

Whether *Hartley* controls the instant case and whether the rule of *Hartley* should stand would appear to be the issues to be raised on respondent's appeal as on petitioner's appeal.

In *Hartley* we held that under 34 M.R.S. A. § 1676 a sentence for a crime committed by a parolee commenced at the termination of the sentence then being served.

If the parties agree, they may present the case on the briefs hitherto filed and with or without oral argument.

For lack of jurisdiction to correct the decree, and not upon the merits, the petitioner's appeal must be sustained.

The entry in #970 will be:

Appeal of petitioner sustained.

Decree of January 6, 1969 and respondent's appeal therefrom reinstated under conditions and limitations consistent with this opinion.

### Law Court #975—*Post-Conviction Habeas Corpus*

On March 7, 1969 the petitioner moved the Court "to allow the Petition enclosed, and titled 'Amended Petition for Writ of Habeas Corpus,' to be entered and that such amended petition be considered as the only Petition before the Court, and the Petition of said January 20, 1969 be stricken." The motion was verified by the petitioner. The amended petition, however, was not verified. The motion to amend was granted by the Court.

Verification of the motion to amend by allowance of an enclosed petition is not the equivalent of a verification of the Amendment. The jurisdictional requirement of verification under 14 M.R.S.A. § 5503 was therefore lacking and the Court below for this reason had no jurisdiction to entertain the amended petition. Holbrook v. State, 161 Me. 102, 208 A.2d 313.

Further, the verification is no more than "Subscribed and Sworn to * * * Before Me * * * Notary Public." This does not meet the language of 14 M.R.S.A. § 5503. "Facts within the personal knowledge of the petitioner and the authenticity of all documents and exhibits included in or attached to the petition must be sworn to affirmatively as true and correct." See also M.R.Crim.P. Rule 35(b) (3): Form 26, 3 Maine Pract. Rules (Glassman).

The sitting Justice dismissed the petition on its merits under *Hartley*. We sustain the dismissal for lack of jurisdiction.

The entry in #975 will be:

Appeal denied.

MARDEN, and WEATHERBEE, JJ., did not sit.

### APPENDIX A
### LAW COURT #970
### DECREE OF JANUARY 6, 1969

This is a petition for declaratory judgment and mandamus which the petitioner elected to prosecute pro se. Both petitioner and the State agreed that the issue was one of law and in good faith attempted to prepare an Agreed Statement of Facts and while pertinent dates in the proposed Statement of Facts were not disputed, petitioner requested a hearing which was granted and held on September 24, 1968 at Rockland. At this time petitioner appeared pro se and offered testimony.

The State appeared, represented by Assistant Attorney General Garth K. Chandler and offered the testimony of Mr. G. Raymond Nichols, Assistant Director of Probation and Parole, who testified from department records not inconsistently with those reflected in the proposed Statement of Facts.

At the conclusion of the hearing the issue appearing to be identical with Hartley v. State, which case was pending on appeal before the full Bench, the single Justice advised the petitioner that the decision in this case would be held until the full Bench had reviewed Hartley v. State.

By letter of January 3, 1969 petitioner points out that the Law Court decision in Hartley v. State has not been forthcoming and requests decision in this case.

In the light of the circumstances the request is proper and the following findings of fact are made.

On August 24, 1960 petitioner was paroled from the Maine State Prison on MSP No. 10066 a sentence which petitioner received in Penobscot County on January 18, 1957. The discharge date on MSP No. 10066, when paroled, was November 20, 1962, which would indicate 2 years, 2 months and 26 days (less good time, if any) to be served while on parole.

On or about September 12, 1960 petitioner committed certain acts in the Bangor area and on or about the same date departed from Maine.

On September 19, 1960 a parole violator's arrest and detention warrant was issued on MSP No. 10066.

On or about March 9, 1961 petitioner was returned to Bangor from North Carolina on a charge of assault and robbery alleged to have been committed on September 12, 1960 and was incarcerated in Penobscot County Jail.

On or about March 13, 1961 the parole violator's arrest and detention warrant, referred to above, was lodged with the Penobscot County Sheriff's office as a detainer. This warrant was never served upon petitioner.

On March 16, 1961 petitioner was convicted of assault and robbery, based upon the acts of September 12, 1960 and sentenced that day to serve not less than 10 nor more than 20 years at the Maine State Prison, and on the same day was committed to the Maine State Prison.

Six or seven days after his commitment to the Maine State Prison on the assault and robbery sentence, above referred to, petitioner met with the Parole Board, at which time his parole on MSP No. 10066 was revoked and he was remanded to serve in confinement the unexpired sentence.

The single Justice ruling in Hartley v. State governs and is here reiterated.

This single Justice holds that where the parole violation warrant is not executed, even though it could not be executed by reason of primary custody being in non-parole authority, and sentence is imposed on the new offense without compliance with 15 M.R.S.A. Section 1702 or Rule 32(a) M.R. Crim.Proc., and Warrant of Commitment is executed, execution of the current sentence begins and it cannot be interrupted by subsequent action of the Parole Board for the purpose of continuing the execution of the unexpired sentence. Under these circumstances, the unexpired portion of the Maine State Prison sentence and the current sentence are executed concurrently and if by such concurrence the first sentence is fully executed, the first sentence is terminated by (the non-action of) the Board within the meaning of Section 1676.

In the light of the fact that upon parole August 24, 1960 the petitioner's unexpired term at most did not exceed 2 years, 2 months and 26 days, it follows that sentence in MSP No. 10066 has been fully executed and, unless there be other time which the petitioner owes the State, the execution of his 10 to 20 year sentence began on March 16, 1961.

LAW COURT #975
DECREE OF JANUARY 27, 1969

By Decree of the Superior Court dated January 6, 1969 upon petition of the above named for declaratory judgment it was held that his sentence imposed upon conviction for assault and robbery out of the Superior Court for Penobscot County on or about March 9, 1961 began on March 16, 1961. To this ruling the State appealed, which appeal is pending.

Meantime by opinion filed January 17, 1969 of Hartley v. State the ruling in the Decree of January 6, 1969 was held error.

Now on January 22, 1969 the State moves under Rule 60(b) (5) M.R.C.P. that the Decree of January 6, 1969 be amended to reflect the law declared in Hartley v. State.

Upon consideration therefore, the motion is granted and the Decree of January 6, 1969 is amended to hold that the sentence in MSP No. 10066 upon which petitioner was paroled August 24, 1960, and the sentence imposed on or about March 9, 1961 for assault and robbery were not subject to be served concurrently and that the sentence in MSP No. 10066 and the sentence imposed on or about March 9, 1961 are to be served consecutively as declared in Hartley v. State.