STATE OF MAINE                                    DISTRICT COURT
                                                  LOCATION: Springvale
YORK, ss.                                         DOCKET NO.   RE-09-385


US BANK NATIONAL ASSOCIATION,
AS TRUSTEE ON BEHALF OF SAIL
2006-3 TRUST FUND,

                    Plaintiff


        v.                                        ORDER


DEBRA J. REAGAN,

                    Defendant

        and

CITIFINANCIAL, INC.,

                    Party-In-Interest


In November of 2009 the plaintiff bank brought a foreclosure action alleging that a loan was in default and that no payments had been made after June 30, 2008. After a tortured procedural history, which included an interlocutory appeal, the case was transferred to the Superior Court for trial.

Following a trial a Superior Court Justice, acting as a District Court Judge, on January 3, 2013 granted a judgment of foreclosure for the plaintiff, and entered judgment against the defendant on her counterclaim. Motions for reconsideration and for a stay were filed and were denied by order of January 29, 2013. Ms. Reagan's appeal to the Law Court was denied in a memorandum of decision of December 24, 2013.

On July 3, 2014 the Law Court issued its opinion in *Bank of America, N.A. v. Greenleaf*, 2014 ME 89 where it was determined that the plaintiff bank lacked standing to

seek foreclosure. On March 20, 2015 Ms. Reagan, now represented by counsel, filed a motion for relief from judgment arguing that the Superior Court judgment of January 2, 2013, which was affirmed by the Law Court, should now be vacated as the *Greenleaf* decision establishes that the Superior Court and Law Court were incorrect in her case. That motion has been briefed and argued.

The plaintiff's motion was made pursuant to Rule 60(b)(5) and (6), M.R.Civ.P. Such a motion must be made "… within a reasonable time …"

Among its arguments in opposition, the plaintiff has argued that the defendant's motion is not timely. The motion was made more than 2 years after the trial court decision, nearly 15 months after the Law Court decision, and more than 8 months after the *Greenleaf* decision. The motion, in this long and contentious case, has not been brought within a "reasonable time."

The defendant has argued, in part, that her motion should be considered to be timely because she had brought a suit in the United States District Court after the Law Court decision in her case, and had been pursuing it on appeal before the Court of Appeals following its dismissal on October 20, 2014. Her federal litigation does not extend the reasonable time to seek relief from the state trial court under Rule 60(b).

The plaintiff's motion will also be denied because it is an indirect attempt to apply *Greenleaf* retroactively to a final judgment. That is not usually permitted. See *Higgins v. Robbins*, 265 A.2d 90, 93 (Me. 1970) among other cases.

The entry is:

Defendant's motion for relief from judgment is denied.


Dated: June 18, 2015

Paul A. Fritzsche
Justice, Superior Court

2

SPRDC-RE-2009-385

ATTORNEY FOR PLAINTIFF:
JOHN AROMANDO, ESQ.
PIERCE ATWOOD
MERRILLS WHARF
254 COMMERCIAL STREET
PORTLAND, ME 04101

RACHEL PIERCE, ESQ.
SHECHTMAN HALPERIN SAVAGE LLP
1080 MAIN STREET
PAWTUCKET, RI 02860

ALAN STEVENS, ESQ.
WINSTON & STRAWN, LLP
CHARLOTTE, NC 28202-1078

ATTORNEY FOR DEFENDANT:
MATTHEW WILLIAMS, ESQ.
HODSDON & AYER
56 PORTLAND ROAD
KENNEBUNK, ME 04043

PII (PRO SE)
CITIFINANCIAL INC
647 US ROUTE 1 SUITE C1 BO1
YORK, ME 03909