Hely, J.
A.Introduction
The issue before the court is whether under Massachusetts corporate law a corporation’s board of directors, rather than the stockholders, has the authority to establish a mandatory retirement age (an age disqualification) for a director. At the preliminary injunction stage, the court concludes that the board of directors in this case lacks the authority to impose an age disqualification for a director in the absence of a grant of such authority from the stockholders. IBC as the party seeking a preliminary injunction has not demonstrated a likelihood of success.
B.Facts
The plaintiff IBC, is a Massachusetts business corporation. IBC’s board of directors voted a mandatory retirement age of seventy-two for directors. IBC’s board of directors adopted this mandatory retirement for directors in a resolution voted on February 11, 1993. The board of directors reaffirmed this resolution on April 25, 2002, by voting an amendment to the corporation’s by-laws that imposes a mandatory retirement age of seventy-two on directors. In its action before the court, IBC is seeking a preliminary injunction to enforce this mandatory retirement provision against William J. Spence.
Mr. Spence is a member of IBC’s board of directors and has been for many years. He was elected by the stockholders to his most recent three-year term on April 25, 2001. His term will not expire until 2004. Mr. Spence turned seventy-two on May 4, 2002. He reached this birthday after the board of directors had voted the resolution and the amendment to the bylaws imposing the mandatory retirement age of seventy-two for directors. Mr. Spence has recently expressed his determination to serve as a director for his full three-year term despite the mandatory retirement age voted by the board of directors. Mr. Spence contends that only the stockholders have the authority to establish an age or similar disqualification for directors. He argues the board of directors has exceeded its lawful authority in attempting to enforce the mandatory retirement age.
C.The Legal Framework
No section of G.L.c. 156B, directly addresses whether a board of directors has the authority to create an age disqualification for a director. The court has considered the sections of G.L.c. 156B that appear to be relevant and the authorities and reasoning advanced by learned counsel. The court’s charge is to apply the relevant sections of Chapter 156B, "so as to constitute a harmonious whole consistent with the legislative purpose.” Hoffman v. Howmedica, Inc., 373 Mass. 32, 37 (1977).
The board of directors begins with broad grants of statutoiy authority. The board has the authority “to exercise all the powers of the corporation, except such as by law, by the articles of organization or by the *548 by-laws of the corporation are conferred upon or reserved to the stockholders. G.L.c. 156B, §54. Similarly, ”[e]xcept as reserved to the stockholders pursuant to section fifty-four, the business of every corporation shall be managed by the board of directors." G.L.c. 156B, §47. Further, a “corporation may make by-laws which may contain any provisions not inconsistent with law or the articles of organization for the regulation and management of the affairs of the corporation.” G.L.c. 156B, §16. These sections generally weigh in favor of the board’s authority in the present dispute except to the extent that other provisions of the Chapter 176B may suggest that the authority in question is initially reserved to the stockholders.[1]
IBC also relies on Section 50A(d)(i). This section provides that “vacancies . . . whether resulting from . .. the death, resignation, disqualification or removal of a director or otherwise” shall be filled by a majority vote of the directors then in office, even though less than a quorum of the board. While giving the directors the authority to fill a vacancy resulting from a disqualification, this section does not address whether the board of directors, as opposed to the stockholders, has the authority to establish qualifications or disqualifications for directors.
Several other provisions of Chapter 156B, however, weigh against the board of directors’ authority in the absence of a grant of such authority to the board by the stockholders. Section 47 contains the basic authority of the stockholders to choose their own directors: “Except as otherwise provided in sections fifty and fifty-two or in the articles of organization, the directors shall be elected at the annual meeting of the stockholders by such stockholders as have the right to vote thereon.” While Sections 50 and 50A regulate the terms and classifications of directors, they do not change the right of stockholders to elect their own directors. It is through this fundamental right to elect directors that stockholders can control the governance of the corporation that they own.
Mr. Spence also relies on G.L.c. 156B, §50. Section 50 does not directly refer to an age disqualification, but it lends implicit support to the authority of the stockholders rather than the directors. Section 50 states in part: “the articles of organization may require that the term of office of a director . . . shall terminate upon the occurrence of an event or events specified in the articles of organization and may determine the manner, if any, by which any vacancy so created shall be filled” [emphasis added]. The arrival of a director’s seventy-second birthday is a readily imagined example of an “event" which the stockholders could establish in the articles of organization as an event which terminates the term of the director. Under the Massachusetts corporation statute, the articles of organization may be amended only by a vote of the stockholders. G.L.c. 156B, §71. Section 50 thus suggests that only the stockholders have the authority to establish an age disqualification for a director unless the stockholders have delegated or shared this authority with the board of directors.[2]
The statutory provisions on removal of directors are also instructive. While not directly controlling, these provisions illustrate the principle that the stockholders have the primary authority to elect and remove directors. Section 51 provides that directors may be removed “with or without cause” by the stockholders entitled to vote. The power of a board of directors to remove a director is much more limited. The board of directors may remove a director only “for cause.” Section 50A, subsections (c) and (e)(2), further restrict removal for cause to such grave matters as conviction of a felony, gross dereliction of duty, and a court declaration of unsound mind.
Finally, Section 13(b)(2) provides that the articles of organization may state lawful provisions “for limiting, defining or regulating the powers of the corporation, or of its directors or stockholders, or of any class of stockholders.” This section provides further implicit support for the conclusion that the authority to impose an age disqualification on continued service by a director rests initially with the stockholders.
Considered together, the pertinent sections of Chapter 156B emphasize the importance of the stockholders’ right to control the membership of the board of directors. In general “the control of a corporation is vested in the holders of a majority of its stockholders having voting power.” Bushway Ice Cream Co. v. Fred H. Bean Co., 284 Mass. 239, 255 (1933). The mandatory retirement age provision in this case concerns an elected member of the board of directors, not merely an employee or an officer. IBC has not cited any provision in its articles of organization by which the shareholders have delegated to or shared with the board of directors the authority to establish qualifications or disqualifications for directors or to establish an event which results in the termination of a director’s term of office. From the statutory provisions summarized above, the court concludes that unless a vote of the stockholders has given the board of directors a general or specific grant of authority to adopt qualifications or disqualifications for directors, that authority remains exclusively with the stockholders. IBC has not demonstrated a likelihood of success.
D. Irreparable Harm
If IBC had demonstrated a likelihood of success, it would also have to demonstrate that it would be irreparably harmed by the denial of a preliminary injunction. The harm to IBC by Mr. Spence’s assertion of a right to participate as a director would have to be demonstrated rather than assumed. Considering the legal conclusions in Part C above, the court need not further address this issue.
*549 E. Order
Independent Bank Corporation’s application for a preliminary injunction is denied.

 Mr. Spence has not argued that the IBC board of directors lacked the general authority to amend the by-laws under the terms of the IBC articles of organization. See G.L.c. 176B, §17.

 IBC argues that Section 50A makes Section 50 inapplicable. It is undisputed that IBC is a corporation with a classified board of directors that is subject to G.L.c. 156B, §50A (enacted by St. 1993, c. 19, the “Norton Amendment"). IBC’s argument is a bit of an overstatement. The pertinent subsections of Section 50A begin with the proviso, “notwithstanding anything to the contrary in this chapter ...” This means that Section 50 loses its force only if it conflicts with a provision in Section 50A. As noted earlier, Section 50A does not address whether a board of directors has the authority to establish a qualification or disqualification for directors. Section 50A is therefore not contrary to Section 50 and does not undermine the applicability of Section 50.