Hinkle, J.
Plaintiff Independent Bank Corporation (“IBC”) alleges promissory estoppel and breach of fiduciary duty and seeks declaratory relief against defendant William J. Spence (“Spence”) based on Spence’s refusal to retire from IBC’s board of directors in accordance with a mandatory retirement provision adopted by the board. This matter is before the court on Spence’s partial motion to dismiss the complaint under Mass.R.Civ.P. 12(b)(6) for failure to state a claim.[1] For the reasons discussed below, the motion to dismiss is denied. However, I enter declaratory relief on Count III.
BACKGROUND
The allegations in the complaint, taken as true for purposes of the pending motion only, are as follows. IBC, a Massachusetts corporation,' is a publicly-held company and the parent company of Rockland Trust Company (“Rockland Trust"). Spence, who turned 72 on May 4, 2002, has been a director of Rockland Trust since 1966 and a director of IBC since 1986.
On February 11, 1993, the IBC board adopted a mandatoiy retirement age of 72 for directors. Since that vote, every IBC director except those 72 or older at the time of its adoption honored the policy and retired from the board upon reaching 72. At the April 2001 annual meeting, Spence, then nearing age 72, was elected by the shareholders to a three-year term.
On January 13, 2000 Spence began maneuvering to prolong his influence on the board by asking the directors to let his daughter, Kerry Lee Spence, replace him as a director after his retirement. At that time, Douglas Phillipsen, then chairman of the IBC board, noted that Kerry Lee’s election as a director might create an appearance that IBC was a family-controlled business, which could create difficulties in maintenance and attraction of investors.
In aletter dated November 2,2001, Spence formally nominated his daughter to serve a three-year term as a director. He submitted her nomination in the form of a shareholder proposal. In addition to several oral commitments that he would leave the IBC Board on his 72nd birthday, Spence stated in this letter that he would leave the board on that birthday, May 4, 2002. Despite a vote of the directors six days later formalizing their opposition to the nomination of Spence’s daughter, Spence refused to withdraw her nomination.
IBC then retained outside legal counsel to furnish advice in dealing with this situation. On December 18, 2001, IBC’s outside counsel filed a “no-action" request letter with the Securities and Exchange Commission (“SEC”). In the no-action request, IBC inquired whether it had to include Spence’s proposal to nominate his daughter as a director in its 2002 proxy-solicitation materials. On February 11, 2002, the SEC confirmed that Spence’s purported shareholder proposal was actually a director nomination, which did not have to be included in proxy materials. The IBC board subsequently voted to approve proxy materials which opposed the nomination of Spence’s daughter. After this vote, the directors rejected a proposal by Spence to withdraw his daughter’s nomination if the directors agreed to elect her to the Rockland Board.
On April 11,2002, the maj ority of IBC shareholders voted for the board’s candidates, and Spence’s daughter was defeated. Spence then announced his intention to remain as a director of IBC after his birthday. On April 25, 2002, by a vote of twelve to one, the directors voted to amend the IBC by-laws to confirm the 1993 mandatoiy retirement policy.
On May 6, 2002, two days after defendant’s 72nd birthday, this Court (Hely, J.) denied IBC’s motion for a preliminary injunction to enforce its mandatoiy retirement provision against Spence. [14 Mass. L. Rptr. 547.)
DISCUSSION
In addressing the pending motion, the court must accept as true the well-pleaded factual allegations of the complaint, drawing any inferences therefrom in plaintiffs favor. See Eyal v. The Helen Broadcasting Company, 411 Mass. 426, 429 (1991). Only if the complaint establishes beyond doubt that the facts alleged, accepted as true, do not set forth a cause of *610 action should the motion to dismiss be allowed. Kattar v. Demoulas, 433 Mass. 1, 14 (2000); Municipal Light Co. of Ashburnham v. Commonwealth, 34 Mass.App.Ct. 162, 166, rev. den., 419 Mass. 1102, cert. den., 510 U.S. 866 (1993). Further, a complaint should not ordinarily be dismissed merely because it asserts a novel or extreme theory of liability or improbable facts. Bell v. Mazza, 394 Mass. 176, 183 (1985); Municipal Light Co. of Ashburnham v. Commonwealth,. 34 Mass.App.Ct. at 166.
Count III: Declaratory Judgment
Count III of IBC’s complaint seeks a declaratory judgment pursuant to General Laws Chapter 231A that Spence may not serve on the IBC board after his 72nd birthday. Spence seeks to dismiss this count on the ground that the IBC board lacked the statutory authority to enact a by-law amendment imposing a mandatory retirement age upon directors. When a complaint seeks declaratory relief, the court ordinarily declares the rights of the parties rather than dismissing the action for failure to state a claim. See Connery v. Commissioner of Correction, 33 Mass.App.Ct. 253, 254 n.4 (1992), aff'd., 414 Mass. 1009 (1993); Whitehouse v. Sherborn, 11 Mass.App.Ct. 668, 676 (1981). Given that all the relevant facts are before the court and statutory interpretation is a question of law, it is appropriate for this Court to declare the rights of the parties.
At issue is whether the IBC board possessed authority under the Business Corporation Law, General Laws Chapter 156B (“the Act”), to amend the by-laws to create a mandatory retirement age for directors. Although Chapter 156B does not speak directly to this issue, Spence argues that the statute as a whole vests such authority in the shareholders rather than the directors. The task of this Court is to interpret all the relevant statutory provisions as a harmonious whole consistent with the legislative purpose. Boulter-Headley v. Boulter, 429 Mass. 808, 810 (1999); Shoolman v. Health Facilities Appeals Bd., 10 Mass.App.Ct. 799, 804 (1980). In general, the Act grants the board of directors broad authority to manage the affairs of the corporation. Chapter 156B, Section 47 provides that “(e)xcept as reserved to the stockholders pursuant to section fifty-four, the business of every corporation shall be managed by a board of directors.” Section 54 provides that “(t]he directors may exercise all the powers of the corporation, except such as by law, by the articles of organization or by the by-laws of the corporation are conferred upon or reserved to the stockholders.” These provisions grant directors authority to exercise all corporate powers not expressly conferred on stockholders. See American Discount Corp. v. Kaitz, 348 Mass. 706, 710 (1965).
With respect to corporate by-laws, Chapter 156B, Section 16 provides that “[a] corporation may make by-laws which may contain any provisions not inconsistent with law or the articles of organization for the regulation and management of the affairs of the corporation.” Pursuant to Section 17, “[t]he power to make, amend or repeal by-laws shall be in the stockholders; provided that if authorized by the articles of organization, the by-laws may provide that the directors may also make, amend or repeal the by-laws in whole or in part, except with respect to any provision thereof which by law, the articles of organization or the by-laws requires action by the stockholders . . . Any by-law adopted by the directors may be amended or repealed by the stockholders.” Spence does not dispute the general power of IBC’s board of directors to make, amend or repeal by-laws.
The question is whether there are more specific provisions of the Act which preclude the directors from adopting a mandatory retirement by-law amendment under the broad authority of §§47, 54, 16 and 17. The Act reserves the election of directors to the corporation’s shareholders. Chapter 156B, Section 47 states that “(e]xcept as otherwise provided in section fifty and fifty-two or in the articles of organization, the directors shall be elected at the annual meeting of the stockholders by such stockholders as have a right to vote thereon.”[2] Nonetheless, IBC argues that the board is free to impose age qualifications upon directors in the corporate by-laws, noting that the Model Business Corporation Act provides: “The articles of incorporation or bylaws may prescribe qualifications for directors. A director need not be a resident of this state or a shareholder of the corporation unless the articles of incorporation or bylaws so prescribe.” Model Business Corp. Act Ann. §8.02 (3d ed. 1997 supp.) (emphasis added). Massachusetts, however, is one of five states which does not include the “articles of organization or bylaw” language in its qualification provision. See id., official comment at 8-22. With respect to director qualifications, Chapter 156B, Section 47 states only: “Unless required by the by-laws, no director need be a stockholder.” The Act thus does not directly address whether a limitation on the age of directors is within the purview of the shareholders, the board of directors or both.
However, viewing the mandatory retirement provision at issue as a limitation on the term of office of directors, rather than as a general qualification for office, several other provisions of the Act are relevant. Chapter 156B, Section 50, which permits the staggering of a corporation’s board of directors states, “provided further that the articles of organization may require that the term of office of a director . . . shall terminate upon the occurrence of an event or events specified in the articles of organization.” Pursuant to Sections 70 and 71 of the Act, amendments to the articles of organization are effected by shareholder vote. See G.L.c. 156B, §§70, 71. Section 50 thus suggests that limitations on the term of office of directors are a matter for shareholder, not director, action. Similarly, Section 13(b)(2) states that the articles of organization may contain “any other lawful *611 provisions ... for limiting, defining or regulating the powers of the corporation, or of its directors.” The language of Sections 50 and 13(b)(2), in contrast to the language of the Model Act provision expressly mentioning both the articles of organization and by-laws, demonstrates an intent to restrict director term limitations to the articles of organization and thus, shareholder control.[3]
IBC argues that Section 50 does not apply in this case because as a registered corporation, IBC is governed by Section 50A(a), which requires such corporations to have a staggered board of directors unless the corporation elects to be exempt. See G.L.c. 156B, §50A. Section 50A(a) applies “notwithstanding anything to the contrary in this chapter or in the articles of organization or by-laws” and thus, in the case of a conflict, §50A(a) prevails. Given that the mandatoiy staggering provisions of §50A do not address term limitations such as mandatory retirement, the provision of §50 permitting the articles of organization to provide for termination of a director upon a specific event is not contrary to §50A, such that both apply to IBC.[4]
Pursuant to §17 of the Act, directors cannot make, amend or repeal by-laws “with respect to any provision thereof which by law . . . requires action by the stockholders.” Given this Court’s conclusion that the Act reserves the authority to impose restrictions on directors’ term of office to the shareholders through the articles of organization, the board’s by-law amendment imposing a mandatoiy retirement age is invalid. Accordingly, IBC is not entitled to a declaration that Spence may not serve on the IBC board after his 72nd birthday.
Count II: Promissoiy Estoppel
Count II of IBC’s complaint alleges that Spence promised to comply with the board’s mandatoiy retirement policy and seeks to recover under a theory of promissoiy estoppel. Spence contends that IBC fails to state a claim for promissoiy estoppel because the retirement policy was adopted in violation of Chapter 156B and is thus illegal.
Promissoiy estoppel permits the enforcement of a promise pursuant to a contract theoiy with reasonable reliance substituting for the traditional element of consideration. Rhode Island Hosp. Trust Nat’l Fund v. Varadian, 419 Mass. 841, 849-50 (1995). However, the court will not enforce through promissoiy estoppel an agreement which the parties have been expressly or impliedly forbidden by law to make or perform, or an agreement which is illegal because it requires a party to violate the law. See Tocci v. Lembo, 325 Mass. 707, 709-10 (1950) (refusing to enforce promise to pay for construction of building which was criminal offense because built in violation of federal regulations); Kiely v. Raytheon Co., 105 F.3d 734, 739 (1st Cir. 1997) (refusing to enforce employer’s promise not to fire employee for committing a crime). In this case, Spence’s promise to retire at age 72 as mandated by an improperly adopted by-law amendment does not require him to violate the law. Although IBC cannot legally enforce the amendment against Spence, Spence’s promise to retire in accordance therewith is not a promise which the law forbids him to make or perform. Contracts between directors to resign are legal and have been recognized as such in the Commonwealth. See, e.g., Choate Hall & Stewart v. SCA Services, Inc., 378 Mass. 535, 537 (1979).
Spence further contends that Count II fails to state a claim upon which relief may be granted because it does not allege the element of reliance with sufficient specificity. IBC’s failure to set forth exactly how it relied on Spence’s promises does not mandate dismissal under Rule 12(b)(6) insofar as the element of reliance is broadly alleged. A complaint is sufficient unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim entitling him to relief. Kattar v. Demoulas, 433 Mass. at 14. Moreover, Spence’s argument that IBC cannot prove reasonable reliance is unavailing, as doubts or misgivings as to whether a claim is provable or even credible is not a proper basis for dismissal under Rule 12(b)(6). See Wrightson v. Spaulding, 20 Mass.App.Ct. 70, 72, rev. den., 395 Mass. 1103 (1985).
Count I: Breach of Fiduciary Duty
Finally, Count I of IBC’s complaint alleges that Spence breached his fiduciary duty to IBC by repeatedly placing his own desire for personal gain and influence over IBC’s interests. Specifically, the complaint alleges that Spence, purportedly acting as a shareholder, nominated his daughter to serve as an IBC director and refused to withdraw the nomination even after it was unanimously opposed by the IBC board, causing the board to retain outside corporate counsel to provide advice on this issue. The complaint also alleges that Spence offered to withdraw the nomination if the IBC board would elect his daughter to the Rockland Trust board, and then refused to comply with the mandatoiy retirement policy once his daughter was defeated in the board election. Spence contends that these allegations fail to state a claim for breach of fiduciary duty.
Directors owe the corporation a fiduciaiy duty to further the legitimate goals of the corporation and to protect the corporation’s interests. Coggins v. New England Patriots Football Club, Inc., 397 Mass. 525, 534 (1986); Geller v. Allied-Lyons PLC, 42 Mass.App.Ct. 120, 122 (1997). In addition, directors have a duty to act honestly and in good faith solely in the interests of the corporation and to subordinate to that paramount duty their own individual benefit and personal gain. Andersen v. Albert & J.M. Anderson Manuf. Co., 325 Mass. 343, 346 (1950). A director violates his fiduciaiy duty of loyalty when he uses the corporation for his own personal benefit in a manner detrimental to the corporation. Coggins v. New En *612 gland Patriots Football Club, Inc., 397 Mass. at 534; Geller v. Allied-Lyons PLC, 42 Mass.App.Ct. at 122. A director’s attempt to secure and perpetuate personal control of the corporation may constitute a fiduciary breach. See, e.g., Andersen v. Albert & J.M. Anderson Manuf. Co., 325 Mass. at 347.
Spence argues that Count I fails to state a claim for breach of fiduciary duty because his nomination of his daughter was subject to the approval of disinterested shareholders or directors and protected by the business judgment rule, G.L.c. 156B, §65, which provides:
A director ... of a corporation shall perform his duties as such ... in good faith and in a manner he reasonably believes to be in the best interests of the corporation, and with such care as an ordinarily prudent person in a like position would use under similar circumstances . . . The fact that a director ... so performed his duties shall be a complete defense to any claim asserted against him, whether under sections sixty to sixty-four inclusive, or otherwise, except as expressly provided by statute, by reason of his being or having been a director.
Whether Spence acted in good faith and in a manner reasonably believed to be in the best interest of the corporation are questions of fact which require discovery and cannot be decided on a Rule 12(b)(6) motion. Moreover, where personal advantage is involved, a fiduciary may be found to have breached his duty even though he acted without corruption, dishonesty, or bad faith. Production Machine Co. v. Howe, 327 Mass. 372, 378 (1951); Sagalyn v. Meekins, Packard & Wheat, Inc., 290 Mass. 434, 439 (1935); Cain v. Cain, 3 Mass.App.Ct. 467, 476 (1975). It cannot be said beyond doubt that IBC’s allegations fail to state a fiduciary duty claim in accordance with the relevant case law.
ORDER
For the foregoing reasons, it is hereby ORDERED that Spence’s partial motion to dismiss is DENIED as to all counts of the complaint. It is hereby ORDERED and DECLARED that the April 25, 2002 by-law amendment imposing a mandatory retirement age upon directors is invalid.

The defendant excludes from his motion to dismiss so much of the fiduciary duty claim as alleges his improper contact with an employee of a competitor bank.

Further, under the Act, shareholders generally have broader powers than does the board to remove a director from office. See G.L.c. 156B, §§50A(c) & (e), §51.

IBC cites Ronald W. Southgate and Donald W. Glazer, Massachusetts Corporation Law and Practice, §8.1 [b] (2002), for the proposition that “Chapter 156B permits corporations to establish requirements for qualification as a director pursuant to the general authority provided by Sections 13(b)(2) and 16 to include provisions in the articles or by-laws regulating the corporation’s business and affairs.” This quoted discussion does not include §§50 and §50A, and is immediately followed by a discussion of “Number, Election and Term of Office of Directors,” which analyzes those sections. Thus, Glazer and Southgate may be referring to non-term qualifications of directors such as a requirement that all directors have a business degree. Cf. G.L.c. 156B, §47 (suggesting that a requirement that a director be a shareholder could properly be found in the by-laws).

This Court notes that §50A states that if a corporation elects to be exempt from mandatory staggering under §50A(a), “the provisions of section 50 of this chapter shall become immediately effective with respect to such registered corporation . . .” G.L.c. 156B, §50A(b)(i). This Court does not, however, interpret this to mean that either §50 or §50A applies to a registered corporation, but not both.