Moriarty, Cornelius J., J.
INTRODUCTION
This action arises from the Registiy of Motor Vehicles’ (“RMV”) decision to revoke Thomas Scheffler’s (“Scheffler”) driver’s license following his arrest in Connecticut for operating under the influence of liquor. In connection with that arrest, Scheffler completed a pretrial alcohol education program and obtained a dismissal of all related charges. His license was suspended by the RMV as a result of the pre-trial disposition of the Connecticut charges.
He appealed the suspension to the Board of Motor Vehicle Liability Policies and Bonds (“the Board”), and requested that any record of his arrest and pre-trial disposition (“the Connecticut arrest”) be expunged.[1] The Board affirmed the RMV suspension and denied Scheffler’s request. Before the court is Scheffler’s Motion for Judgment on the Pleadings. For the reasons that follow, that motion will be denied.
BACKGROUND
On April 24, 2009, Scheffler was arrested and charged with operating under in the influence of liquor in violation of Conn. Gen. Stat. §14-227a. Following his arrest, he applied for and was allowed entry into a pre-trial alcohol education diversion program, under Conn. Gen. Stat. §54-56g. After he successfully completed that program, the charges arising from the Connecticut arrest were dismissed. He did not admit to sufficient facts to establish his guilt. However, his license was suspended for six months in Connecticut.
On June 18, 2009, Scheffler received notification from the RMV that his driver’s license would be suspended “because of the official notice of suspension/revocation received . . . from” Connecticut. On April 14, 2010, Scheffler’s license was officially suspended for one year. Scheffler appealed the suspension of his license to the Board, and requested that the Connecticut arrest be expunged from his driving record because it did not qualify as a “like offense” for the purposes of G.L.c. 90, §24. General Laws chapter 90, section 24 establishes more stringent penalties for defendants convicted of operating the influence in Massachusetts, when they have been “previously convicted or assigned to an alcohol or controlled substance education, treatment, or rehabilitation program by a court of the commonwealth, or any other jurisdiction because of a like offense . . .”
Scheffler additionally suggested to the Board that, even if a violation of § 14-227a was sufficiently similar to a violation of G.L.c. 90, §24 to qualify as a “like offense,” the Connecticut arrest was dismissed without a finding of guilt or admission to sufficient facts and, as a result, the Connecticut arrest should still not be considered a “like offense” under §24.
The Board concluded that Conn. Gen. Stat. §14-227a was sufficiently similar to G.L.c. 90, §24 to make the Connecticut arrest a “like offense” for the purposes of §24. See Bellino v. Bd. of Appeals on Motor Vehicle *252 Liab. Policies & Bonds, Civil Action No. 97-2020 (Suffolk Super.Ct. Jun. 8, 1998) (“Operating Under the Influence in Massachusetts appears to incorporate all level of alcohol related driving impairment . . . notwithstanding any arguably minor differences between two statutory schemes”).
The. Board further determined that because §24 expressly included completion of alcohol education programs among its criteria for like offenses, and because the disposition of the Connecticut arrest included a license suspension, the Connecticut arrest fell within the ambit of a “like offense” for the purposes of §24. The Board concluded that the pre-trial disposition was “substantially similar to the Continued Without a Finding (CWOF) disposition offered under G.L.c. 90, §24.” Consequently, the Board affirmed the RMV suspension of Scheffler’s license and denied his request to expunge the Connecticut arrest from his driving record.
DISCUSSION
1.Standard
An administrative agency’s decision may be set aside only on the grounds set forth in G.L.c. 30A, §14(7). Howard Johnson Co. v. Alcoholic Beverages Control Comm’n, 24 Mass.App.Ct. 487, 490 (1987). These grounds include such reasons as the agency’s decision is not supported by substantial evidence, or is otherwise not in accordance with law. G.L.c. 30A, § 14(7). This court is required to give “due weight to the experience, technical competence and specialized knowledge of the agency, as well as to the discretionary authority conferred on it.” G.L.c. 30A; see also Cobble v. Comm'r of Dep't of Soc. Servs., 430 Mass. 385, 390 (1999). As the party challenging the Board’s decision, Scheffler bears the burden of establishing the decision’s invalidity. Fisch v. Bd. of Registration in Med., 437 Mass. 128, 131 (2002).
2.Person Aggrieved
As a threshold matter, the Board suggests that Scheffler is not a person aggrieved by a decision of the Board. A party pursuing an appeal of a decision of an administrative agency must demonstrate that they are a “person aggrieved” by that decision. G.L.c. 30A, §14; Shoolman v. Health Facilities Appeals Bd., 10 Mass.App.Ct. 799, 803 n. 14 (1980), and cases cited.
The Board contends that its decision not to expunge the Connecticut arrest from Scheffler’s driving record does not render him a person aggrieved, because the presence of the Connecticut arrest on his driving record, standing alone, does not infringe on a “private legal right” of Scheffler’s. See id.., at 803-04, citing Sch. Comm. of Springfield v. Bd. of Educ., 365 Mass. 215, 229-30 (1974), cert. denied, 421 U.S. 947 (1975).
Even assuming that the Board’s argument is correct, as far as it goes, Scheffler was undeniably aggrieved by the Board’s decision to affirm the suspension of his driver’s license. Therefore, he is a person aggrieved for the purposes of G.L.c. 30A, §14 and is entitled to pursue his appeal.
3.Like Offense
The Board concluded that a violation of Conn. Gen. Stat. § 14-227a was a "like offense” for the purposes of G.L.c. 90, §24, because the statutes both proscribed operation of motor vehicles while impaired by alcohol. There was no error in this determination. “[Bjoth statutes require proof that the motor vehicle operator’s ability for clear judgment, physical control, or due care is affected even slightly by alcohol.” Bresten v. Bd. of Appeals on Motor Vehicle Liab. Policies & Bonds, 76 Mass.App.Ct. 263, 268-69 (2010) (comparing Colorado DWAI statute to G.L.c. 90, §24).
Scheffler emphasizes that the disposition of the Connecticut arrest through the pre-trial alcohol education program did not involve a conviction, a determination of guilt, or admission to sufficient facts that he operated under the influence of liquor. The plain language of §24 makes clear that none of those conditions is required for the Connecticut arrest to qualify as a “like offense.”
The wording of the statute encompasses “convict[ion] or assign(ment) to an alcohol or controlled substance education” program. G.L.c. 90, §24. The statute does not, by its terms, require a finding or admission of guilt in all cases. This court is mindful of its duty to avoid adding “words to a statute that the Legislature did not put there . . .” Commonwealth v. Hendricks, 452 Mass. 97, 102 (2008) (internal quotation marks omitted).
Furthermore, the language of §24 does expressly apply to assignment to an alcohol or controlled substance education program, such as the one completed by Scheffler. This court “cannot read statutory language to be meaningless or superfluous, particularly where the phrase in question has a clear meaning within the statute’s context.” Megiel-Rollo v. Contributory Ret. Appeal Bd., 81 Mass.App.Ct. 317, 322 (2012), and cases cited.
Here, the context of §24 strongly suggests that the Legislature did not intend to require a finding or admission of guilt before assignment to an alcohol education program could be considered a like offense. The statute separately addresses conviction for operating under the influence. Therefore, its additional reference to admission to an alcohol education program cannot be understood to include only admission to alcohol education programs following conviction; such a reading of §24 would impermissibly render superfluous the language encompassing admission to an alcohol education program.
Accordingly, the Board’s interpretation of §24 in a manner that renders the Connecticut arrest a “like offense” for the purposes of that statute was proper and consistent in all respects with applicable law. Consequently, its decision must be affirmed.
*253 CONCLUSION AND ORDER
For the foregoing reasons, Scheffler’s Motion for Judgment on the Pleadings is, in all respects, DENIED. Judgment shall enter in favor of the Board of Appeals on Motor Vehicle Liability Policies and Bonds.

 The administrative record leaves some question as to whether Scheffler’s appeal encompassed both his license suspension and the inclusion of the Connecticut arrest in his driving record. Because the court concludes that the Board is entitled to prevail on the merits of both issues, it will assume that both issues were properly raised before the Board.